# Richmond

## JOHN S. HENRITZE V. MILL MOUNTAIN ESTATES, INC.

February 20, 1939.

Record No. 2013.

Present, Campbell, C. J., and Holt, Hudgins, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*Walter S. Loebl, Hoge & Austin* and *W. J. Austin, Jr.,* for the plaintiff in error.

*A. T. Loyd,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

This action by notice of motion was brought by the plaintiff, John S. Henritze, against the defendant, Mill Mountain Estates, Incorporated, to recover the sum of $397.50, allegedly due by reason of a written contract of employment of the plaintiff as agent to sell certain hoisting equipment, the property of defendant.

The contract relied upon by the plaintiff is this letter:

"Roanoke, Virginia
May 3, 1934.

Mr. John S. Henritze,
Roanoke, Virginia.

Dear John:

   Re: Hoisting Equipment, top Mill Mtn.

"As per copy of attached letter to Robinson & Orr, the Mill Mt. Estates, Inc., agreed to let you handle this hoist-

ing equipment at $4.50 per ton, if you sell same for junk. Should you sell same as second-hand equipment, or in manner other than as junk, the corporation is to receive $4.50 per ton and split the profit with you over and above that amount received for same, all handling to be done by you.

"In connection with the cable, the corporation will sell it to you for one-half of the net profit received by you for same. From the sale price first is to be deducted whatever cost you are put to for getting the cable down and rolled, and that the net remainder to be divided between the corporation and yourself.

"It is understood that the corporation has nothing to do with the removal of the machinery at the top, nor with the handling of the cable, all of this to be done at your own risk.

"Very truly yours,

"CHANEY & LOYD,

"By GEORGE W. CHANEY."

On May 3, 1934, plaintiff received a letter from Midwest Steel Corporation, of Charleston, West Virginia, containing this offer of purchase:

"In reference to the hoist. We would be willing to pay $1,200.00—this to include your commission, removing the hoist at our own expense. The price to be for the hoist complete with starters, brake, cable, transformers, etc.

"Should this be found acceptable, we would thank you to advise promptly. Terms to be net cash."

At the time of the receipt of this letter, plaintiff was the owner of the transformers, starters, brake and cable which had been purchased from the defendant at the price of $150 and subsequently sold at the price of $360.00.

Pursuant to the offer of purchase, the agent of Midwest Steel Corporation came to Roanoke and inspected the hoist and other equipment, but due to the failure of his corporation to contact a purchaser, the sale, by mutual consent, was abandoned.

On November 3, 1934, plaintiff received from Midwest Steel Corporation the following letter:

"Referring to the hoist that we had some correspondence about a few months ago.

"We have another prospect at the present time and if it remains unsold, would suggest that you wire us upon receipt of this letter, stating the lowest price that you will accept for it and promptly upon the receipt of your wire we will arrange to send some one to make inspection in behalf of the interested party."

In reply to this letter, plaintiff answered that the entire equipment could be purchased at the price of $1,200.00.

In the meantime, the defendant, through its agent, George W. Chaney, had contracted with Morris Masinter, an attorney representing an undisclosed client, to sell the hoist for the sum of $350. Plaintiff was notified of this sale by Chaney, and upon enquiry, it developed that the client of Masinter was the Midwest Steel Corporation, the alleged prospective purchaser from the plaintiff. This fact was brought to the attention of Chaney and he was informed by plaintiff that if he (Chaney) sold the hoist, he (Henritze) would be left with the other equipment upon his hands. Thereupon, Chaney added this postscript to the letter accepting the offer of Masinter:

"In addition to the above, we control the motor and control that went with the hoisting engine, which if your client desires to buy, he can do so for an additional $850.00."

The basis of plaintiff's claim is that under the terms of the contract, *supra,* as shown by the bill of particulars filed, the value of the hoist was $795.00, and that he was entitled to one-half of that amount as commissions for procuring the purchaser of the hoist.

The case was tried by a jury and at the conclusion of plaintiff's evidence the defendant moved the court to strike out the evidence of the plaintiff, on the ground that he had failed to make out a *prima facie* case which entitled him to a recovery. This motion the court sustained and a verdict for the defendant necessarily followed. The action of the court in sustaining the motion to strike the evidence is assigned as error.

There is no merit in this assignment of error.

A casual reading of the letter setting forth the contract between the parties, demonstrates that plaintiff did not have the exclusive right of sale of the property of defendant. It is further shown that the offer of Midwest Steel Corporation was not limited to the purchase of the hoist, the property of defendant, but included other property owned by plaintiff.

■ Even though it be conceded that plaintiff procured the purchaser, it plainly appears that the case of plaintiff must fall, for the reason that plaintiff failed to prove the value of the hoist. This was an essential element of the amount claimed. The only value of the hoist disclosed by the record is the sum of $350, the sale price to Masinter.

■■ If plaintiff is entitled to commission on that sale, it would only amount to $175, a sum below the jurisdiction of this court. But, in addition to the failure of the plaintiff to prove the value of the hoist, plaintiff also failed to show whether the hoist was sold, pursuant to the contract, as junk, or as second-hand machinery. Under the contract, the burden was upon the plaintiff to show the character of the sale.

In our opinion there is an entire lack of evidence upon which to base a recovery.

There is no error in the judgment complained of and it is, therefore, affirmed.

*Affirmed.*